IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COUNTY OF ALLEGHENY**, *a political subdivision of the Commonwealth of Pennsylvania*,<br><br>Plaintiff,<br><br>v.<br><br>**THE CRACKED EGG**, **LLC**<br><br>Defendant. | Civil Action No. 20-1418<br><br>Judge Marilyn J. Horan |

**OPINION AND ORDER**

On September 16, 2020, Plaintiff filed a Complaint alleging state law claims in the Court of Common Pleas of Allegheny County, Pennsylvania. ECF No. 1, ¶ 1. On September 18, 2020 Defendant, The Cracked Egg, LLC, removed the case to the United States District Court for the Western District of Pennsylvania on the basis that this action arises under the laws of the United States within the meaning of 28 U.S.C. 1331; specifically, Plaintiff asserts that the claims arise under the First and Fourteenth Amendments to the United States Constitution. Id. at ¶ 3. On September 29, 2020, Plaintiff filed a Motion to Remand. ECF No. 8. On October 6, 2020, Defendant filed its Response to the Motion to Remand, conceding that subject matter jurisdiction over this matter does not exist. ECF No. 14. Accordingly, in light of Defendant's concession and for the reasons stated below, Plaintiff's Motion to Remand will be granted.

Section 1447(c) of Title 28 of United States Code provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  The party asserting that a federal court has subject matter jurisdiction over a matter bears the burden of proving that such jurisdiction in fact exists.  Nuveen Mun. Trust v. Withumsmith Brown, P.C., 692 F.3d 283, 293 (3d Cir. 2012).  In the case of removal of an action from state court to federal court, that party, of course, is the defendant.  See 28 U.S.C. § 1441.  A "defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983).

Plaintiff alleges two counts in its Complaint: Violation of Commonwealth of Pennsylvania Covid-19 Control Measure Orders: Universal Face Covering and Other Mitigation Measures (Count I), and Violation of Article III §337.1 of Allegheny County Code of Ordinances Chapter 830: Permit Suspension (Count II).  ECF No. 1-3.  Plaintiff only raises claims that arise under Pennsylvania Law and the Allegheny County Code of Ordinances.  The Court agrees with Plaintiff that "it is clear on the face of the Complaint that The County has not alleged any federal claims and that this Court lacks subject matter jurisdiction over this matter."  ECF No. 8, ¶10.

In response, Defendant "admits that the Complaint does not assert federal claims."  ECF No. 14, ¶ 10.  Defendant also "admits that a federal defense does not constitute grounds for removal."  Id. ¶ 11.  Finally, Defendant admits Plaintiff's statement that this "action must be remanded because the Court lacks subject matter jurisdiction as required for removal under 28 U.S.C. § 1331." ECF No. 8, ¶ 12; ECF No. 14, ¶ 12.  Defendant, however, requests that the Court consolidate this action with the pending civil action filed at Civil No. 20-1434.  Id.  This

cannot be done.  "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."  Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety")[1]..Axiomatically, this Court cannot order a state case over which it lacks subject matter jurisdiction to be consolidated with a federal case.  The language of section 1447(c) is mandatory: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c) (emphasis added).  Accordingly, Plaintiff's Motion is hereby GRANTED.

IT IS FURTHER ORDERED that the Clerk of Courts shall remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania, FORTHWITH.

IT IS SO ORDERED.

DATE  October 7, 2020

Marilyn J. Horan
United States District Judge

---

[1] The United States Supreme Court has long required that federal courts "'in all cases where [subject matter] jurisdiction does not affirmatively appear in the record,'" must on "'its own motion, [] deny its jurisdiction.'" Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982 (quoting Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 382 (1884)).  This rule "springing from the nature and limits of the judicial power of the United States is inflexible and without exception." Mansfield, 111 U.S. at 382.